```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
JEANIE PEREZ MASANGCAY,                                     :   ORDER
                                                            :
                                Plaintiff,                  :   18-cv-3666 (BMC)
                                                            :
                - against -                                 :
                                                            :
OKSANA KAMENETSKAYA and                                     :
BAHRUZ BALAYEV,                                             :
                                                            :
                                Defendants.                 :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Defendants' motion to dismiss [21] is denied except to the extent noted below:

1. Plaintiff has attempted to serve the summons and complaint on defendants at a home in Forest Hills, but defendants claim they were not properly served. Rather than quashing the affidavits of service or having a traverse hearing on whether the Forest Hills home is defendants' "dwelling place" under Federal Rule of Civil Procedure 4(e)(2)(B), the Court directs alternative service pursuant to Rule 4(f)(3). "The decision of whether to order service of process under Rule 4(f)(3) is 'committed to the sound discretion of the district court.'" United States v. Lebanese Canadian Bank SAL, 285 F.R.D. 262, 266 (S.D.N.Y. 2012) (quoting Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 115 (S.D.N.Y. 2010)). "[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002) (alterations and citation omitted). The rule does not require a party to attempt to serve process by the means specified in subsections

4(f)(1) and (f)(2) before a court permits alternative service by "other means" under Rule 4(f)(3). See Advanced Aerofoil Techs., AG v. Todaro, No. 11-cv-9505, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) ("Generally, there is no hierarchy among the subsections in Rule 4(f)"); Sec. & Exch. Comm'n v. Anticevic, No. 05-cv-6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) ("A plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)") (emphasis in original).

2. The Court understands that defendants have no obligation to make service easy and can put plaintiff – and the Court – to as much trouble as possible to achieve this ministerial step in the proceedings. Nevertheless, good cause exists for alternative service because Qatar is not a signatory to the Hague Convention. Achieving service under the law of Qatar would be unnecessarily costly and time-consuming for plaintiff's *pro bono* counsel. And, although not a prerequisite under Rule 4(f)(3), plaintiff has made reasonable efforts to effect service by serving a person at the Forest Hills home and researching defendants' domestic contacts. There is no due process issue because the alternative service proposed by plaintiff, which will be further enhanced by the Court, is virtually certain to achieve notice. And defendants have made no argument that there is an international agreement between the United States and Qatar prohibiting this alternative service.

3. Accordingly, within 14 days of the date of this Order, plaintiff is directed to file proof that she has effected service by: (1) emailing the summons and complaint to defendants' counsel of record in this action and to the last known email address of defendants that plaintiff has; (2) again serving or leaving a copy of those papers with Svetlana Kamentskaya or any other adult at the Forest Hills home; and (3) mailing a copy of those papers through an established

international courier service, e.g., Federal Express, UPS, or DHL, return receipt requested, to defendants' last known address in Qatar.

4. The motion to dismiss the TVPA claim is denied. First, plaintiff is correct that the documents defendants have submitted, although properly considered on the issue of service of process, go far beyond what the complaint may be deemed to incorporate.

5. Second, the TVPA claim need not be pleaded with particularity. See Garcia v. Chapman, 911 F.Supp.2d 1222 (S.D. Fla. 2012); Catalan v. Vermillion Ranch Ltd. Partnership, No. 06–cv–01043, 2007 WL 38135 (D. Colo. Jan. 4, 2007). The allegations that defendants used fraudulent documents to obtain plaintiff's presence in the United States and then withheld her Qatari identification while threatening her with deportation to the Philippines are sufficient for pleading purposes. See Saraswat v. Jayaraman, No. 15-CV-4680, 2016 WL 5408115 (E.D.N.Y. Sept. 28, 2016); Franco v. Diaz, 51 F.Supp.3d 235 (E.D.N.Y. Sept. 12, 2014). Construing the complaint most favorably to plaintiff, see Meyer v. Jinkosolar Holdings Co. Ltd., 761 F.3d 245 (2d Cir. 2014), this is not, as defendants effectively contend, a case of defendants merely terminating or even threatening to terminate plaintiff's employment. Whether the conduct alleged rises to the level of a statutory violation may be something that the Court can determine on summary judgment, but not on a Rule 12(b)(6) motion.

6. Defendants failed to serve courtesy copies of their motion papers on the Court as required by the Court's Individual Practice Rules. Failure to do so in the future will be grounds for denial of any motion.

7. By separate Order, the Court will set this case down for an initial status conference.

**SO ORDERED.**

                                                                                           U.S.D.J.

Dated: Brooklyn, New York
        November 25, 2018